```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 07-22402-Civ-HUCK
                         MAGISTRATE JUDGE P. A. WHITE

STEVEN SAINTVIL,              :

        Petitioner,           :

v.                            :       REPORT OF
                                      MAGISTRATE JUDGE
WALTER A. McNEIL,¹            :

        Respondent.           :
_____
```

Steven Saintvil, a state prisoner confined at Mayo Correctional Institution, has filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging the constitutionality of his convictions of numerous offenses entered on a joint plea of guilty in Dade County Circuit Court case numbers F05-20573 and F05-20574.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of this petition the Court has a memorandum of law submitted by the petitioner, the response of the state to an order to show cause with multiple exhibits, and the

---

[1] Walter A. McNeil has been named Secretary of the Florida Department of Corrections, replacing former Secretary James McDonough. Pursuant to Federal Rule of Civil Procedure 25(d)(1) McNeil is now the proper respondent in this action and should "automatically" be substituted for McDonough. Accordingly, the Clerk is directed to docket and change the designation of the respondent.

petitioner's reply.

Saintvil makes the sole claim that he was denied effective assistance of counsel when he was not informed of a plea offer which specified a sentence of 54 months incarceration, which he alleges that he would have accepted.

On July 19, 2005, Saintvil was charged in case number F05-20573 with third degree grand theft, fleeing and attempting to elude a law enforcement officer, and resisting arrest without violence. [DE 9, Ex.A] On that same date, he was charged in case number F05-20574 with robbery with a firearm. [DE 9, Ex.B]

On May 8, 2006, Saintvil pleaded guilty to all charges. [DE 9, Ex.C] In addition, he pleaded guilty to violating his probation in two earlier cases by committing the new offenses. [DE 9 at 32-34][2] Pursuant to the terms of the plea agreement, Saintvil was sentenced for all of his offenses to serve an aggregate of 15 years in prison as an habitual violent offender with a minium mandatory term of 10 years for his use of a firearm. [DE 9 at 22, 44] When the prosecutor announced these terms, the court inquired if there were "a reason why you are running all those concurrent giving him such a break[?]," and the prosecutor responded that it was due to the petitioner's age, the fact that victims were "fine with" it, and the fact that petitioner had prevented one of the victims from being killed by his codefendants. [DE 9 at 22-23] The court reiterated, "That's why he is getting such a good deal?," and the prosecutor responded, "That's correct." [DE 9 at 23]

Following a proceeding on a motion to clarify the sentence

---

[2]The referenced page numbers are those found at the lower right-hand corners of the respondent's appendix.

which is not germane here [DE 9, Ex.D], Saintvil submitted a motion for postconviction relief pursuant to Fla.R.Cr.P. 3.850 and an accompanying memorandum of law, raising the following claims:

> 1. He received ineffective assistance of counsel where: a) he was told that entering a plea would be in his best interest and he would receive a "10 year max" sentence, and b) the state offered a plea with a 54-month sentence that counsel never conveyed to him.
>
> 2. His plea was involuntary because he was never advised that the state previously had offered a sentence of 54 months.
>
> 3. He received ineffective assistance of counsel where his attorney failed to object to his erroneous designation as an habitual violent offender.
>
> [DE 9 at 47-56]

On January 19, 2007, the collateral trial court denied relief in a order which stated it held:

> [T]he Court, having reviewed the court file and the transcript of the plea colloquy, hereby finds that the Defendant's plea was freely and voluntarily entered. The record conclusively refutes the defendant's allegations. The sentences were legal. See attached transcript of plea colloquy on May 8, 2006.
>
> [DE 9 at 17]

The foregoing determination was summarily affirmed without written opinion, Saintvil v. State, 961 So.2d 953 (Fla. 3 DCA 2007)(table) [DE 9, Ex.I], and this federal proceeding ensued on

3

September 10, 2007.[3]

The state rightfully does not challenge this petition as untimely pursuant to §2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. Artuz v. Bennett, 531 U.S. 4 (2000)(AEDPA limitations period is tolled by properly-filed applications for state postconviction relief).

However, the state's concession that the claim raised in this federal petition is exhausted is incorrect. Issues raised in a federal habeas corpus petition must have been fairly presented to the state courts and thereby exhausted. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Anderson v. Harless, 459 U.S. 4 (1982); Hutchins v. Wainwright, 715 F.2d 512 (11 Cir. 1983). Exhaustion requires that a claim be pursued in the state courts through the appellate process. Leonard v. Wainwright, 601 F.2d 807 (5 Cir. 1979).

A claim remains unexhausted for purposes of federal habeas corpus review unless that both the factual substance of the claim as well as the federal constitutional issue involved have been presented to the state courts. Anderson v. Harless, supra; McCartney v. Vitek, 902 F.2d 616 (8 Cir. 1990); Galtieri v. Wainwright, 582 F.2d 348 (5 Cir. 1978) (en banc); Watkins v. Estelle, 527 F.2d 1336 (5 Cir. 1976). When a federal habeas petitioner raises a claim previously presented in the state courts, but bases the federal habeas corpus claim on new factual allegations, new legal theories, or materially different and

---

[3]The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Vanderberg v. Donaldson, 259 F.3d 1321 (11 Cir. 2001); Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). [DE 1 at 16]

4

stronger evidence than was presented to the state courts, the claim has not been fairly presented in the state courts and the petitioner has failed to exhaust his state remedies in accordance with 28 U.S.C. §2254(b) and (c). Givens v. Green, 12 F.3d 1041 (11 Cir. 1994); Landano v. Rafferty, 897 F.2d 661, 671 & n.13 (3 Cir. 1990); Young v. Lynaugh, 821 F.2d 1133 (5 Cir.), cert. denied, 484 U.S. 986 (1987); Joyner v. King, 786 F.2d 1317 (5 Cir.), cert. denied sub nom. Joyner v. Phleps, 479 U.S. 1010 (1986); Rodriquez v. McKaskle, 724 F.2d 463 (5 Cir.), cert.denied sub nom. Rodriquez v. Procunier, 469 U.S. 1039 (1984); Burns v. Estelle, 695 F.2d 847 (5 Cir. 1983); Hart v. Estelle, 634 F.2d 987 (5 Cir. 1981).

In Saintvil's sole claim before this court, he argues that his attorney provided ineffective assistance by failing to inform him of a plea offer that included a sentence of 54 months incarceration, which he allegedly would have accepted. Although Saintvil argued the substance of this claim in his Rule 3.850 motion in the state tribunal, he has supported his argument before this court with the "General Affidavit" of Dana Dorus, identified by Saintvil as his "future wife" [DE 9 at 52], which states:

> I, Dana Dorus called Eric Marshall, Steven A. Saintvil's lawyer to ask him about Steven's court date because I went to school that day and I couldn't attend it. Eric Marshall stated to me that they offered Steven 54 months and I asked him did he accept the plea? In reply he told me, no he rejected the plea and will be taking it to trial.
>
> [DE 1, Exhibit A]

The affidavit is dated March 23, 2007, so it plainly was not presented to the state courts in Saintvil's Rule 3.850 proceeding or the ensuing appeal, as the collateral trial court denied Saintvil's Rule 3.850 motion on January 19, 2007. [DE 9 at 17]

Because the affidavit of Ms. Dorus arguably comprises materially different and stronger evidence than was presented to the state courts in support of Saintvil's instant claim, the claim in its present form has not been fairly presented in the state courts, and the petitioner has failed fully to exhaust his state remedies. <u>Givens v. Green</u>, <u>supra</u>. Therefore, the claim raised in this petition is not presently federally cognizable.

There remains the question of how best to dispose of this unexhausted petition so as to do as much justice as possible for the petitioner. Essentially, there are three possible avenues which could be followed.

The first course of action, and the one which the petitioner undoubtedly would suggest, would be to overlook the exhaustion requirement and adjudicate the claim as presented here. However, this is not a viable option. The time-honored exhaustion requirement remains in effect despite the 1996 Congressional changes to habeas corpus jurisprudence. In <u>Lambert v. Blackwell</u>, 962 F.Supp. 1521 (E.D. Pa. 1997), a habeas corpus petitioner presented an unexhausted argument that her murder conviction had occurred because "she was the victim of wholesale prosecutorial misconduct in connection with the prosecution of her case," <u>id</u>. at 1522, which was designed to cover up sexual and other misconduct by the police. The district court found that Lambert had presented an "extraordinary ... unprecedented case" of actual innocence, <u>id</u>. at 1523, "... in which the principles of comity that inform the requirement of exhaustion, must give way to the imperative of correcting a fundamentally unjust incarceration." <u>Id</u>. at 1554. The court entered an order granting the writ, releasing Lambert from custody, and barring the Commonwealth of Pennsylvania from retrying her on the murder charge.

On review, the Third Circuit Court of Appeals reversed, holding

that "we cannot dispense with consideration of the exhaustion and procedural default claims in favor of reaching Lambert's claim of actual innocence." Lambert v. Blackwell, 134 F.3d 506, 512 (3 Cir. 1998). The Third Circuit noted that the Supreme Court made it clear in Rose v. Lundy, supra, that a §2254 petition which contains both unexhausted claims must be dismissed without prejudice, and explained:

> In endorsing rigorous enforcement of the total exhaustion rule, the [ Rose v. Lundy] Court acknowledged the preference among federal jurists to allow state courts the initial opportunity to review and correct alleged violations of federal constitutional rights. This preference is derived from principles of comity. ... The Court further noted that adoption of a total exhaustion rule causes a reduction in piecemeal litigation, thereby increasing the likelihood that all claims will be reviewed in a single proceeding. ... Finally, the Court observed that the petitioner's interest in obtaining speedy relief in federal court on his claims would not be unreasonably impaired by requiring total exhaustion.

Lambert, supra at 513, citations omitted.

Five years after Rose v. Lundy, in Granberry v. Greer, 481 U.S. 129 (1987), the Court held that the standard to be used to determine whether a federal court should address the merits of an unexhausted claim is whether, under the particular facts and circumstances presented, it is clear that the petitioner has failed to state a colorable federal claim, or whether the interests of justice and federalism would better be served by requiring exhaustion. Id. at 136. "If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis." Id. at

7

134-35.

Based on these considerations, the Third Circuit in Lambert declined to rule out the possibility that the petitioner had raised colorable federal claims. 134 F.3d at 515. Since "[t]hese claims present unresolved questions of fact and state law ... the interests of comity and justice are better served by requiring complete exhaustion." Id.

Here, in the same manner, the evidentiary support that Saintvil has added to his claim before this court means that it now contains issues of fact that have not been not determined by the state courts, and which may have an important bearing on resolution of the case. Cf. Granberry, supra. Accordingly, pursuant to the foregoing authorities, the comity considerations underlying the exhaustion requirement mandate that the state courts be given the opportunity in the first instance to pass upon those issues, so Saintvil's failure to exhaust his present claim cannot simply be set aside.[4]

The second possible course of action, which flows from the foregoing conclusion, is the dismissal of this petition to allow Saintvil to return to the state courts to exhaust his present claim. Traditionally, when a habeas corpus petition contained unexhausted claims, it was subject to dismissal without prejudice to permit the petitioner an opportunity to exhaust his state court remedies. Rose v. Lundy, supra. However, that rule has now been refined to hold that dismissal of an unexhausted federal claim is not warranted

---

[4]Saintvil should not be too troubled by that result. Under §2254(b)(2), a district court is now empowered to **deny** a habeas claim despite the petitioner's failure to exhaust state remedies. However, "[w]e note that section 2254(b)(2) does not provide the district court with the authority to **grant** relief on the merits where the petitioner fails to exhaust state remedies." Lambert, supra at 515 (emphasis added). Were this court to overlook the exhaustion requirement in this case, then, the only possible outcome would be the denial of this petition.

where further efforts to exhaust the claim in state court would be futile. Bailey v. Nagle, 172 F.3d 1299 (11 Cir. 1999); Givens v. Green, 12 F.3d 1041 (11 Cir. 1994); Collier v. Jones, 910 F.2d 770, 773 (11 Cir. 1990). In situations where an unexhausted claim is irrevocably barred from consideration by the state courts, the federal courts may deem it procedurally barred as well. Collier v. Jones, supra at 773 (where dismissal to allow exhaustion of unexhausted claims would be futile due to state procedural bar, claims are procedurally barred in federal court as well); Parker v. Dugger, 876 F.2d 1470, 1477-78 (11 Cir. 1989) ("plain statement" rule of Harris v. Reed, 489 U.S. 255 (1989), does not apply when a claim was never presented in state court).

Here, it appears unlikely that the Florida courts will entertain Saintvil's present claim, and instead will deem it procedurally defaulted. That is so because under Florida law, successive motions for postconviction relief pursuant to Fla.R.Cr.P. 3.850 are not permitted. Kennedy v. State, 547 F.2d 912 (Fla.1989). However, in instances where a petitioner's unexhausted claim arguably may be procedurally barred if presented in the state forum, "... unless a state court decision exists indicating that the habeas petitioner is *clearly* precluded from state court relief, the federal habeas claim should be dismissed for nonexhaustion, even if it appears unlikely that the state will address the merits of the petitioner's claim." Lambert, supra at 517, citing Banks v. Horn, 126 F.3d 206, 211 (3 Cir. 1997)(emphasis original). Thus,

> [i]f the federal court is uncertain how a state court would resolve a procedural default issue, it should dismiss the petition for failure to exhaust state court remedies even if it is unlikely that the state court would consider the merits to ensure that, in the interests of comity and federalism, state courts are given every opportunity to address claims arising from state proceedings. See Vasquez v. Hillery, 474 U.S. 254, 257, 106 S.Ct. 617, 620, 88 L.Ed.2d 598 (1986) ...

9

Doctor v. Walters, 96 F.3d 675, 681 (3 Cir. 1996).

Here, then, as between the two options of dismissing the present claim without prejudice to allow Saintvil an opportunity to return to the state forum on the one hand, and declaring his present claim to be procedurally barred from federal review on the other, the preferable and legally permissible course of action from the petitioner's standpoint is to dismiss the claim to allow him to attempt its exhaustion in the state forum.  That would mean that Saintvil could return to the Florida courts and present his claim along with the supporting affidavit of Ms. Dorus that those courts have not yet had an opportunity to consider. The state courts may or may not find that the affidavit creates an issue of fact sufficient to require an evidentiary hearing.

However, Saintvil should be aware that a further complication exists. Even if he is successful in returning to the state forum and accomplishing the exhaustion of his present claim, any future attempt to return to federal courts with the claim would likely be time-barred under 28 U.S.C. §2244. That is so because, even though the instant petition was filed timely, as discussed above, the limitations period has not been stayed during the pendency of this federal proceeding.  Duncan v. Walker, 533 U.S. 167 (2001)(an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of §2244)d)(2), and consequently does not toll the limitations period); Nyland v. Moore, 216 F.3d 1264 (11 Cir. 2000)(filing date of a second §2254 application does not relate back to the filing of an earlier, timely petition which is dismissed prior to resolution on the merits). As of the date of this report, more than 12 months have passed since the date Saintvil's conviction became final during which no properly-filed state postconviction

proceedings have been pending, cf. Artuz, supra, so it is apparent that any future federal petitions relative to the instant convictions in all likelihood will be subject to dismissal as untimely, unless Saintvil can make a colorable claim for equitable tolling of the limitations period.

However, the fact that a future federal habeas application might be subject to dismissal as time-barred has been held not to preclude the dismissal of a petition containing unexhausted claims. To do otherwise "would turn federal courts into a 'jurisdictional parking lot' for unexhausted claims and undermine the comity interests promoted by the exhaustion requirement." Shomo v. Maher, supra at n.12, quoting Baity v. McCary, 2002 WL 31433293 (S.D.N.Y. October 31, 2002).

It should be noted that a stay of the instant federal proceeding while Saintvil returns to the state forum to attempt to exhaust his claim is not appropriate. In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court approved the use of a "stay and abeyance" procedure in certain instances where a "mixed" federal habeas corpus application contains both exhausted and unexhausted claims. However, a stay and abeyance is available in limited circumstances, only if (1) the petitioner had "good cause" for failing to exhaust the claims in state court, (2) the unexhausted claims are "potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 277-78.

Rhines does not apply in this case for two reasons. First, Saintvil has come forward with nothing to show good cause for his failure to exhaust his instant claim to the state courts in a timely fashion. Second, even if Saintvil were able to correct that

deficiency, Rhines is inapplicable where, as here, a petition contains no exhausted claims and there thus is no basis for the federal court to retain jurisdiction over it.

> *Rhines* and other cases approving use of the stay and abeyance procedure with respect to mixed petitions are premised on the idea that the petition contains some properly exhausted claims, and these are the claims that the court may stay. In the present case, the petition contains no exhausted claims for the court to stay.

Casiano v. Warden, 2006 WL 463137 (D.Conn. 2006); accord, Shomo v. Maher, 2005 WL 743156 at n.12 (S.D.N.Y. March 31, 2005). Therefore, this petition which presents a single unexhausted claim is not subject to the stay and abeyance procedure of Rhines.

In sum, then, it appears that the most benign disposition of the unexhausted claim presented in the instant petition will be its dismissal without prejudice, to allow Saintvil to return to the state forum to seek its exhaustion there. Assuming without deciding that the state courts entertain his claim, this resolution would have the advantage to the petitioner that the affidavit of Ms. Dorus he has submitted in the first instance to this court would receive evidentiary consideration.

On the other hand, after reading the explanation contained in this report, if the petitioner does not wish to rely on the affidavit any longer he could withdraw it from this court's consideration. That would have the effect of making the claim presented in his federal petition identical to the question that was already considered by the Florida courts in the Rule 3.850 proceeding. The claim would then satisfy the exhaustion requirement, and this court would be able then to consider it on the merits.

For the foregoing reasons, it is recommended that this petition be dismissed for lack of exhaustion of state court remedies, without prejudice except as to the federal statute of limitations or any other procedural defenses which may apply, unless the petitioner indicates in objections to this report that he wishes to withdraw the affidavit that has not previously been considered by the Florida courts.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 25th day of March, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Steven Saintvil, <u>Pro Se</u>
      DC #M46189
      Mayo Correctional Institution
      8784 US Highway 27 West
      Mayo, FL 32066

      Rolando A. Soler, AAG
      Department of Legal Affairs
      444 Brickell Avenue
      Suite 650
      Miami, FL 33131